IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Brenda McCracken., | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) **No.** 11 cv 08112 |
| | ) |
| U Chicago Argonne, LLC, | ) **Judge Ronald A. Guzmán** |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Counsel's motion to stay proceedings pending appeal of the denial of her motion for leave to withdraw is denied. On October 1, 2012, after approximately 4 months of litigation and after the expiration of the court-ordered fact discovery cutoff, pro se plaintiff informed the Court that she would like time to retain private counsel. She was given an opportunity to do so. Having failed to obtain counsel a month later, on November 5, 2012 plaintiff was given a final two-week extension to retain private counsel before proceeding with the case. At the next Court appearance, (December 17, 2012) plaintiff did not even bother to appear pro se, much less through counsel.

The court then ordered the final resolution of all pending discovery issues by January 2, 2013 in order to prepare for dispositive motions and/or trial. On that date, 3 months after plaintiff announced her desire for time to obtain representation, counsel filed an appearance on plaintiff's

behalf. Because counsel was new to the case, in the exercise of its discretion, allowed an additional 60 days for the plaintiff to conduct discovery. Taking full advantage, plaintiff's counsel proceeded to file extensive discovery requests, beyond what plaintiff, as a pro se litigant, had previously articulated as outstanding issues. And finally, on April 9, 2013 the Court set a briefing schedule for the long-delayed dispositive motions. The order required Defendant's motion to be filed by May 17, a response due by June 21 and a reply by July 15, 2013.

On May 14, 2013 plaintiff's counsel filed yet another motion to compel discovery and simultaneously a motion for leave to withdraw. Thus, counsel's motion to withdraw was filed while her discovery motion was still pending (and set to be heard two days later) and one day before defendant's summary judgment motion with supporting documentation was due to be filed. The motion to withdraw was denied at that time. Counsel's determination to withdraw on the very eve of the commencement of dispositive motion practice was inappropriate and would, in the Court's opinion and in spite of counsel's representations, likely have caused significant further delays in the prosecution of this case. Withdrawl at this particular point in time would also likely have prejudiced her client. Had counsel been allowed to withdraw at that time, her client would have been forced to argue a pending motion for discovery in two days. In addition, the pro se plaintiff would have been forced to review (1) all of the discovery and the entire file of the case, which counsel had been handling for four months, (2) defendant's motion for summary judgment along with all supporting documentation, and (3) the Federal Rules of Civil Procedure pertaining to summary judgment, (as well as likely evidentiary issues) all in time to prepare a response with supporting documentation by June 21, 2013. In counsel's motion for

reconsideration she states that this is sufficient time for plaintiff to review the documents and respond to the summary judgment motion. Based upon its experience with pro se litigants in general, and more specifically with this pro se litigant, the Court simply disagrees. Given the particular circumstances and posture of this case, a request for an extension of the dispositive motions briefing schedule is all but assured. This eventuality does not concern counsel in the least, in fact, she assures the Court in her request for reconsideration that she fully supports granting plaintiff a longer period of time to file a response brief if the court deems it appropriate. Counsel is very generous with the court's time and schedule; but of course, she has responsibility for neither. This case has already been significantly delayed by the Court's discretionary rulings allowing, first a pro se litigant, then privately retained counsel, more than a reasonable amount of time to conduct discovery and prepare for dispositive motions or trial. Counsel's arguments in support of her motion for reconsideration concentrate on her right not to be obliged to provide parties with legal services with no promise of compensation. The Court has no quarrel with counsel's right to earn a living. But counsel also has obligations to the Court. Seeking to withdraw under the particular circumstances of this case conflicts with the court's responsibility to conduct its docket in an orderly, reasonable and diligent manner. For this reason, the Court denied the motion for leave to withdraw.

Granting a stay pending appeal of that denial would, of course, assure the very disruption of the Court's schedule which that ruling was intended to avoid. For the foregoing reasons, the

motion for stay pending appeal is denied.

Dated: June 6, 2013

**SO ORDERED**          **ENTER:**

*Ronald A. Guzmán*
-------------------------------------------
**RONALD A. GUZMÁN**
**District Judge**